UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| AMERICAN CANINE FOUNDATION, WILLIE TOWLES, and all those similarly situated. | )<br>)<br>)<br>) |
| plaintiffs, | ) |
| vs. | ) Civil Case No. 3:06cv70-WKW |
| CITY OF LANETT, ALABAMA, a municipal corporation. | ) Class Action<br>)<br>) Claim of Unconstitutionality |
| defendant. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT
AND COMPLAINT FOR MONETARY DAMAGES**

The plaintiffs, for themselves and all other members of the class hereinafter described, allege:

**I. JURISDICTIONAL ALLEGATION**

The jurisdiction of this Court arises under 28 U.S.C. § 1343, which authorizes jurisdiction of claims brought under 42 U.S.C. § 1983 to enforce rights guaranteed by the United States Constitution, and by virtue of 28 U.S.C. 1331. The plaintiffs also seek declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**II.    PROCEDURAL MATTERS**

The plaintiffs have complied with the requirements of Ala. Code §§ 11-47-191 & 192.

**III. PARTIES**

A.    The plaintiffs are residents of the City of Lanett, Chambers County, Alabama, who are over the age of nineteen and who have or could be subjected to Ordinance No. 02-05-03.

B.    The American Canine Foundation is an organization based in the State of Washington, and has active members that are residents in Chambers County, Alabama. The Foundation is an interested party to these proceedings due to the legal issues presented in this cause of action involving its member's rights in the protection of certain property and Constitutional rights.

C.    The defendant is a municipality in the State of Alabama and/or individuals acting with the authority of the City.

1

## III. CLASS ACTION ALLEGATIONS

A.   This action is brought by the plaintiffs as a class action, on their on behalf and on behalf of all others similarly situated, under the provisions of Rule 23(a) and (b)(2) and (3) of the Federal Rules of Civil Procedure, for declaratory relief, damages and relief incident and subordinate thereto including costs and attorneys' fees.

B.   The class so represented by plaintiffs in this action, and of which plaintiffs are themselves members, consists of the citizens of the Lanett, Alabama:

   1.   who have owned, currently own, or desire to own dogs of the regulated breeds;
   2.   who have owned, currently own, or desire to own dogs that are a mix of the regulated breeds;
   3.   who have owned, currently own, or desire to own dogs that are subject to § 6.8(a)(2) of the Ordinance;
   4.   who have owned, currently own, or desire to own dogs that have been mistakenly identified as subject to the Ordinance, or could be mistakenly believed to be subject to the Ordinance;
   5.   who have been fined as part of the enforcement of the Ordinance;
   6.   who have been jailed as part of the enforcement of the Ordinance;

C.   The exact number of members of the class as identified above is not known, but it is estimated that there are not less than 50 members. The class is so numerous that joinder of individuals herein is impractical.

D.   There are common questions of law and fact in the action that relate to and affect the rights of each member of the class and the relief sought is common to the entire class, namely, the allegedly unconstitutional Ordinance which impermissibly impacts the rights of the citizens of Lanett and the unconstitutional enforcement of the Ordinance which similarly impacts the rights of the citizens of Lanett.

E.   The claims of the plaintiffs, who are representative parties for the class herein are typical of the claims of the class, in that the claims of all members of the class, including plaintiffs, depend on a showing of the unconstitutionality of the Ordinance, and acts and omissions of defendants giving rise to the rights of the plaintiffs to the relief sought herein. There is no conflict as between any individual named plaintiff and other members of the class with respect to this action, or with respect to the claims for relief herein set forth.

F.   The named plaintiffs are the representative parties for the class, and are able to, and will, fairly and adequately protect the interests of the class. The attorneys for the plaintiffs are experienced and capable in litigation in the field of constitutional law and have successfully represented claimants in other litigation of a constitutional nature. Of the attorneys designated as counsel for the plaintiffs, Carl Michael Seibert and Joshua Byron White will actively conduct and be responsible for the plaintiff's case herein.

G.  This action is properly maintained as a class action inasmuch as the defendants herein, all of whom oppose the class, have acted or refused to act, as herein after more specifically alleged, on grounds which are applicable to the class, and have by reason of such conduct, made appropriate final injunctive relief or corresponding declaratory relief with respect to the entire class, as sought in this action.

F.  This action is properly maintained as a class action inasmuch as the questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The principal questions of law are whether the Ordinance is unconstitutional on its face or in its policies, enforcement and implementation. In support of the foregoing allegations, plaintiffs show as follows:

### Factual Allegations

1.  On or about 21 February 2005, the Mayor of the City of Lanett, Alabama, Oscar Crawley, and the city council adopted Ordinance No. 02-05-03 ("the ordinance"), which amended Section 6-8 of the Code of Ordinances of the City.

2.  The ordinance is aimed at regulating the possession of certain breeds of dogs based upon the alleged vicious propensity inherent in the named breeds. The ordinance contains several provisions which are unconstitutional due to the vague, overbroad, or other content they contain.

3.  The full text of the Ordinance is attached as Exhibit 1 and incorporated as if set out fully herein. The Ordinance makes it unlawful to own, keep, or harbor a pit bull terrier, a presa canario, or dogs that resemble these breeds, within the city limits, imposes criminal penalties for violations of the Ordinance, and allows agents, employees or officials of the city to seize any dog that they deem violates the Ordinance and destroy it without a hearing.

4.  Since the adoption of the Ordinance, agents, employees, or officials of the City have been taking and destroying property of citizens the city of Lanett in a manner that violates the due process clauses of the Constitution of Alabama and the Constitution of the United States. .

5.  Many citizens have already been impacted by the enforcement of the Ordinance, a few examples follow:

    a.  Willie Towles was required to sign promissory notes to pay $50.00 per month for legal fees related to his ownership of several pit bull terriers.

    b.  Willis Frank Pinkard was required to sign promissory notes to pay $50.00 per month for legal fees related to his ownership of several pit bull terriers.

    c.  Stephen Paul Atkins was arrested and his dog seized, and he signed a promissory note for $50.00 per month for legal fees. According to veterinarian records, on hearing and belief, the dog seized was a lab/husky mix.

d. Angela Marie Houck, owned one pit bull, and was given time to transport one pit bull terrier to friends outside of the City, and forced to sign a promissory note for $25.00 per month for legal fees.

e. Vanessa Davidson was forced to transfer her dog to the Chattahoochee Humane Society to avoid having it seized, and the dog was then adopted. Another dog of Vanessa's was taken by the police and dog catcher.

f. Jonathan S. Hodges and Diane Hodges, received citation, and Diane Hodges was arrested, and forced to sign promissory note to pay $25.00 per month as legal fees.

g. Donald Tarpley and Cindy Joan Norrell were forced to transfer their dog's to the Chattahoochee Humane Society to avoid being arrested, and signed promissory note to pay $75.00 per month for legal fees.

h. Dameshea Jackson Bailey was arrested and her dog shot by a police officer.

### COUNT ONE ~ 42 U.S.C. § 1983

6. The plaintiffs incorporate the allegations of Paragraphs 1 – 5 by reference.

7. The City of Lanett, its employees, officials, and agents, acting under the color of the City Ordinance § 6-8, and 6-13, have subjected, or caused to be subjected, citizens of the United States to the deprivation of rights, privileges, and/or immunities secured by the Constitution of the United States as follows:

    a. By adopting, implementing and/or enforcing the City's Ordinance No. 02-05-03, which amends Ordinance § 6-8, which is invalid and/or unconstitutional for the following reasons:

        i. The Ordinance is invalid as it is unconstitutionally vague. The Ordinance's definition of "pit bull terrier" and "presa canario" include the (a) actual specific breed; (b) a mixture of the breed; or (c) even those animals who have the appearance or characteristics of a one of the regulated breeds. The enforcement of this provision of the Ordinance is arbitrary and capricious and in violation of State and Federal Law.

        ii. In 6-8(c), the Ordinance specifically identifies two breeds of dog, namely, the "American Pit Bull Terrier" and the "Presa Canario," as being vicious. In addition to making the possession of any dog with "a known propensity, tendency, or disposition" the Ordinance makes it unlawful "to keep, harbor, own, or in any way possess" dogs of the pit bull terrier and presa canario breeds, unless they were owned prior to the adoption of the Ordinance, in which case the owners are required to comply with unreasonable and arbitrary regulations for the animal to be lawfully kept. This provision, and those similar to it in the Ordinance, are

unconstitutional due to the Ordinance being vague and overbroad, and not substantially related to a legitimate governmental interest.

iii. Section 6-8(c)(8) prohibits the transfer or sale of any pit bull or presa canario to any other resident of the City unless that person dwells in the same house. This is an unconstitutional restriction of the freedom of contract guaranteed by the Alabama and Federal constitutions.

iv. Sections 6-8(e)(3) & (4) are unduly burdensome on interstate commerce by requiring individuals transporting pit bulls or presa canarios through the City to comply with the provisions of § 6-8 (c)(1) through (10). This requirement places an unnecessary burden on interstate commerce which outweighs any legitimate local benefits produced by the regulation. Reasonable alternatives to the Ordinance exist.

v. Property of citizens of the City has been seized and destroyed pursuant to the Ordinance without notice and without a hearing which violates the due process clauses of the Alabama Constitution and Due Process Cause of the Fourteenth Amendment of the United States Constitution by depriving persons of due process of law pre-seizure hearings and compensation for the property taken.

vi. The Ordinance fails to provide a post-deprivation remedy for individuals whose property is taken without due process of the law. On hearing and belief, some post-seizure hearings were conducted; these hearings unconstitutionally shifted the burden to the citizens to prove that their property should not have been taken. Exhibits 2 – 4, the affidavits of Vanessa Davidson, Dameshea Jackson Bailey, and Donald Tapley provide further details into three occurrences of the type which form the basis of this action, and are incorporated as if set out fully herein.

vii. Section 6-13 of the Ordinance establishes a criminal penalty as set forth as follows:

> It shall be unlawful for any person to violate either willfully or negligently the provisions of this Chapter or fail to comply with the same. A violation of or failure to comply with any of the provisions of this Chapter shall be and hereby is declared to be a misdemeanor. Upon conviction, any person in violation or failure to comply with any of the provisions of this Chapter shall be punished by a fine of not less than fifty ($50.00) dollars nor more than five-hundred ($500.00) dollars or imprisonment of not more than thirty (30) days or both for each violation. Each day a violation occurs or continues shall constitute a separate violation hereunder.

    This language constitutes an ex post facto law, which is unconstitutional pursuant to Art. I § 10 of the United States Constitution.  Specifically, the Ordinance makes certain conduct – owning or possessing the regulated breeds – illegal that was not illegal prior to its enactment.  It also reduces the evidence required to support a conviction for violation of the Ordinance, in that the prior Ordinance was only applicable to vicious dogs that had previously bitten individuals.  This ordinance applies to all pit bull dogs, presa carnario dogs, or dogs resembling those breeds, without requiring any evidence of vicious propensities or other behavior that would be harmful to human health.

  viii. The Ordinance violates the Equal Protection clause of the Fourteenth Amendment in that it creates a class of people (persons owning, harboring, keeping the regulated breeds) and discriminates against them by specifically classifying every member (appearing to be) of two certain breeds of dogs as vicious and dangerous without any facts or evidence supporting that pit bull terriers or presa canarios, as a specific breeds, are 'dangerous animals,' and without any evidence that the pet has ever been aggressive or would be aggressive.

  ix. The Ordinance also violates the doctrine of separation of powers because the Ordinance allows the animal control officer or designee to be solely in charge of deciding if a breed of dog meets the definitional language of the Ordinance or Municipal Code because the over inclusiveness of the language.  Thus, leaving to their sole discretion whether the breed can be seized and impounded.  This mis-delegation of duties has and will continue to deprive various individuals of ownership of property and lead to arbitrary and unconstitutional destruction of property.

  x. The Ordinance or amended Municipal Code also shifts burden of proof upon the defendant in a criminal proceeding to prove a negative even after the City seized and destroyed the pet in violation of State and Federal due process.

8. In the event that the Ordinance is not unconstitutional, the policies surrounding the implementation and enforcement of the Ordinance have violated the plaintiffs rights.

9. As a result of these unconstitutional practices and policies, the plaintiffs have suffered the following damages:

  a. The loss of property without due process or compensation;

  b. Some plaintiffs have been incarcerated for violations of the unconstitutional Ordinance;

  c. The plaintiffs have been subjected to unreasonable and discriminatory fines;

  d. The plaintiffs have had to retain legal counsel; and

e.  The plaintiffs have incurred the court courts of bringing this action.

WHEREFORE, the plaintiffs pray for the following relief:

10. A declaratory judgment establishing as unconstitutional the City's Ordinances 6-8, 6-13, and any other of the City of Lanett's Ordinance provisions seeking to regulate the ownership of certain breeds of dogs by making the same illegal and subjecting alleged violators to criminal liability;

11. That the City be Ordered to return any pets seized as part of the ordinance's enforcement;

12. That the Court assess damages against the defendants for the destruction of the plaintiff's property;

13. That the court Order the city to return any and all fines collected pursuant to the enforcement of the Ordinance;

14. That the Court Order the City to pay the reasonable attorney's fees and costs of court incurred by the plaintiffs in pursuing this relief pursuant to 42 U.S.C. 1988; and,

15. Any other relief that the Court deems necessary and appropriate.

### COUNT TWO ~ 42 U.S.C. § 1985 & 1986

16. The plaintiffs adopt paragraphs 1 – 5 by reference into this count.

17. Two or more persons acting as officials, employees, and/or agents of the City of Lanett conspired, and went onto the premises of others, for the purposes of depriving, directly and/or indirectly, the plaintiffs and those similarly situated as individuals and as a class of individuals, of the equal protection of the laws by discriminating against the class of people created by the City Ordinance § 6-8 consisting of owners of specific property – the breeds of dogs named, prohibited, and regulated by the Ordinance .

18. One or more of the persons engaged in this conspiracy has done, and/or caused to be done, acts in the furtherance of the conspiracy, which have injured the plaintiffs in their property, and have deprived the plaintiffs of having and exercising the following rights and privileges of the plaintiffs, citizens of the United States by adopting, implementing policies and/or enforcing the City's Ordinance No. 02-05-03, which amends Ordinance § 6-8, which is invalid and/or unconstitutional for the reasons alleged above in Count One, Paragraph 7 and all its subsections, which are incorporated in full into this count.

19. On hearing and belief, a number of officials of the City of Lanett have attempted to prevent continued injuries to citizens of the City related to the enforcement of this Ordinance. Despite the efforts of these officials, the City has continued to refuse to address the injuries caused by the Ordinance, and has continued enforcing the Ordinance. On hearing and belief, the

City has even threatened certain City employees who had spoken out in opposition to the Ordinance. On hearing and belief, certain City officials have even "voted" to disallow certain persons from being witnesses.

20. Pursuant to 42 U.S.C. § 1986, certain persons who are officials, employees, or agents of the City who, having knowledge of the one or more of wrongs done in furtherance of the above-mentioned conspiracy, and who had the power to prevent or aid in preventing the commission of the same, neglected or refused to do so.

WHEREFORE, the plaintiffs pray for the following relief:

21. A declaratory judgment establishing the City's Ordinances 6-8 and 6-13, and any other of the City of Lanett's Ordinance provisions seeking to regulate the ownership of certain breeds of dogs by making the same illegal, to be unconstitutional;

22. That the City be Ordered to return any pets seized as part of the ordinance's enforcement;

23. That the Court assess damages against the defendants for the destruction of the plaintiff's property;

24. That the court Order the city to return any and all fines collected pursuant to the enforcement of the Ordinance;

25. That the Court Order the City to pay the reasonable attorney's fees and costs of court incurred by the plaintiffs in pursuing this relief; and,

26. Any other relief that the Court deems necessary and appropriate.

Respectfully submitted on this the 19th day of January, 2006.


_____
C. Michael Seibert (SEI-001)
1223 6th Avenue S.E.
Decatur, AL 35601
(256) 340-7277 / Fax (256) 355-5540
12475 N Shawdee Rd SE
Huntsville, AL 35803-3717
(256) 650-0078 /Fax (256) 650-1144

_____
Joshua B. White (WHI-123)
3113 Ivy Avenue SW
Huntsville, AL 35805
Phone: (256) 533-0900
Fax (256) 533-0937