UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN CANINE FOUNDATION, WILLIE TOWLES, and all those similarly situated, | ) ) ) ) | Civil Case No.: 3:06-CV-70.WKW |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| CITY OF LANETT, ALABAMA, a municipal corporation, et al., | ) ) ) | |
| Defendant. | ) | |

### ANSWER

COMES NOW the Defendant, City of Lanett, by and through its attorney of record, and responds to the Plaintiffs' Complaint as follows:

### I.   JURISDICTIONAL ALLEGATION

This Defendant denies that this Court has jurisdiction in that the Plaintiff lacks standing to bring said claims.

### II.   PROCEDURAL MATTERS

The Defendant denies that the Plaintiff has complied with the requirements of Ala. Code §§ 11-47-191 & 192.

### III.   PARTIES

A.   Denied.

B. Denied.

C. Admitted.

### III.(SIC) CLASS ACTION ALLEGATIONS

A. Denied.

B. Denied.

C. Denied.

D. Denied.

E. Denied.

F. Denied.

G. Denied.

F.(SIC) Denied.

### FACTUAL ALLEGATIONS

1. Based upon information and belief, admitted.

2. Denied.

3. Denied as stated..

4. Denied.

5. Denied

a. Denied.

b. Denied.

c. Denied.

    d.    Denied.

    e.    Denied.

    f.    Denied.

    g.    Denied.

    h.    Denied.

### COUNT ONE ~ 42 U.S.C. § 1983

6.    This Defendant adopts and reavers all prior paragraphs as answered and stated fully herein.

7.    Denied.

    a.    Denied.

        I.    Denied.

        ii.    Denied.

        iii.    Denied.

        iv.    Denied.

        v.    Denied.

        vi.    Denied.

        vii.    Denied.

        viii.    Denied.

        ix.    Denied.

        x.    Denied.

8. Denied.

9. Denied.

a. Denied.

b. Denied.

c. Denied.

d. Denied.

e. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

## COUNT TWO ~ 42 U.S.C. § 1985 & 1986

16. This Defendant adopts and reavers all prior paragraphs as answered and stated fully herein.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

This Defendant denies each and every material allegation of the Plaintiff's Complaint and demands strict proof thereof.

### SECOND DEFENSE

This Defendant pleads that the American Canine Foundation lacks standing to bring this action in that there is no evidence that the alleged individual Plaintiffs are members of said organization.

### THIRD DEFENSE

This Defendant pleads that the Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### FOURTH DEFENSE

This Defendant pleads that the Plaintiffs fail to state a claim regarding the unconstitutionality of the ordinance that the Plaintiffs plead for declaratory relief.

## FIFTH DEFENSE

This Defendant pleads that the Plaintiffs have failed to state any violation of rights, which would allow to recover under 42 U.S.C. § 1983, 1985 or 1986.

## SIXTH DEFENSE

This Defendant pleads that the Plaintiffs have failed to file a notice of claim with the City of Lanett, Alabama as allowed by Alabama law and hereby bars them from recovery for making this action at this time.

## SEVENTH DEFENSE

This Defendant pleads that the Plaintiffs' claims are barred by res judicata and collateral estoppel.

## EIGHTH DEFENSE

This Defendant pleads that the Plaintiffs' claims are not viable claims at law.

## NINTH DEFENSE

This Defendant pleads that the Plaintiffs' claims are barred by the applicable statute of limitations.

## TENTH DEFENSE

This Defendant pleads that they are entitled to qualified immunity regarding the Plaintiffs' claims.

**ELEVENTH DEFENSE**

This Defendant's interest in the protection of the citizens of the City of Lanett outweigh any alleged interest or entitlement of the Plaintiffs.

**TWELFTH DEFENSE**

This Defendant is not subject to punitive damages.

**THIRTEENTH DEFENSE**

This Defendant incorporates and alleges each and every defense available pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

**FOURTEENTH DEFENSE**

This Defendant pleads that the Court lacks jurisdiction of this subject matter.

**FIFTEENTH DEFENSE**

This Court lacks jurisdiction over this Defendant.

**SIXTEENTH DEFENSE**

This Defendant at all times relevant hereto used the degree of care required of them under the law and are not liable for damages to the Plaintiffs.

**SEVENTEENTH DEFENSE**

This Defendant pleads that the Plaintiffs are not entitled to any injunctive relief because they have adequate remedy at law if any remedy at all.

**EIGHTEENTH DEFENSE**

This Defendant pleads that the actions and conduct complained of do not violate

any constitutional, federal, or statutory right of which the Defendant should have been reasonably aware.

## NINETEENTH DEFENSE

This Defendant pleads that the Plaintiffs are not entitled to any relief and any claim for compensation is barred by his or her failure to mitigate damages.

## TWENTIETH DEFENSE

This Defendant pleads that the language of the ordinance in question is not vague and affords fair warning of what is prescribed.

## TWENTY-FIRST DEFENSE

This Defendant pleads that the ordinance does not deny equal protection to dog owners.

## TWENTY-SECOND DEFENSE

This Defendant pleads that the ordinance does not deny due process and constitutional guarantee of equal protection of the law does not guarantee that all dog owners will be treated alike.

Further, the Plaintiffs have no fundamental right to make a class of animals and the courts usually uphold the constitutionality of that law.

## TWENTY-THIRD DEFENSE

This Defendant pleads that a city does not have to regulate every dangerous animal at the same time in the same way to pass constitutional muster. Therefore, the ordinance

in question is constitutional.

## TWENTY-FOURTH DEFENSE

This Defendant pleads that the City's choice to regulate pit bulls is not arbitrary or irrational and is constitutionally based.

## TWENTY-FIFTH DEFENSE

This Defendant pleads that the extensive power exercised by government to regulate animals has a long standing history of passing constitutional muster.

## TWENTY-SIXTH DEFENSE

This Defendant pleads that the City has proper use of police power in regulating dogs.

## TWENTY-SEVENTH DEFENSE

This Defendant pleads that the ordinance in question is rationally related to a legitimate legislative objective of protecting the safety of its citizens in the municipality.

## TWENTY-EIGHTH DEFENSE

This Defendant pleads that such a rule does not effect the fundamental rights such as voting or freedom of speech and does not make a "suspect classification" such as a law based on race or nationality and is subject only to an inquiry of whether it has a rational relationship to a legitimate state interest rather than the immensely more difficult standard of whether the enactment advances a compelling state interest.  Thus, the City in question

is within its constitutional rights to enact the ordinance and the Plaintiffs fail to state a claim upon which relief may be granted and are not entitled to damages and are further not inclined to a class action.

## TWENTY-NINTH DEFENSE

This Defendant pleads that ordinances such as these are in support of a strong presumption of constitutionality.

## THIRTIETH DEFENSE

This Defendant pleads that they in no way violated due process of the alleged Plaintiffs.

## THIRTY-FIRST DEFENSE

This Defendant pleads that the ordinance is not overly inclusive or guilty of overbreadth.

This Defendant pleads that they are not responsible for an unconstitutional taking of private property without compensation.

## THIRTY-SECOND DEFENSE

This Defendant pleads that any additional liability requirements or other requirements of the City do not violate the due process guarantee of the United States Constitution as an unconstitutionally oppressive burden on dog owners.

**THIRTY-THIRD DEFENSE**

This Defendant pleads that any alleged failure to provide procedural due process of law hearings would be due to be rejected due to the constitutionality of the ordinance.

**THIRTY-FOURTH DEFENSE**

This Defendant pleads that notice was given to the proper dog owners of the ordinance and its requirements and penalties.

**THIRTY-FIFTH DEFENSE**

This Defendant pleads that the ordinance is not volatile of the Equal Protection Doctrines.

WHEREFORE, this Defendant would respectfully request the Court to find that the Plaintiff, American Canine Foundation, has no standing to bring this action. Further, to find that the Plaintiffs are not a class and there has been no determination or potential allegations to find a class. Further, this Defendant would request the Court to find that the alleged Plaintiffs are not entitled to any damages and further that the ordinance in and of itself is constitutional.

This Defendant reserves the right to supplement this answer as discovery continues.

Respectfully submitted,

/s/ T. Randall Lyons
T. RANDALL LYONS (LYO006)
Attorney for Above-named Defendant

OF COUNSEL:

Webster, Henry, Lyons & White, P.C.
Auburn Bank Center
132 N. Gay Street, Suite 211
Auburn, AL 36830
334-887-0111

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served via electronic transmission upon the following on this the 7th day of March, 2006:

C. Michael Seibert
12475 N. Shawdee Road Southeast
Huntsville, AL 35803-3717

Joshua B. White
3113 Ivy Avenue SW
Huntsville, AL 35805

/s/ T. Randall Lyons
OF COUNSEL