UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AMERICAN CANINE FOUNDATION, )<br>WILLIE TOWLES, and all those )<br>similarly situated, )<br>　　　　　　　　　　　　　　　　　　) <br>　　　Plaintiffs, )<br>　　　　　　　　　　　　　　　　　　) <br>v.　　　　　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　　) <br>CITY OF LANETT, ALABAMA, )<br>a municipal corporation, et al. )<br>　　　　　　　　　　　　　　　　　　) <br>　　　Defendant. ) | Civil Case No. 3:06-CV-70 WKW |

**BRIEF IN SUPPORT OF PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION**

　　　The plaintiffs, American Canine Foundation, et al., offer this brief in support their Motion for Class Certification:

**I.　　INTRODUCTION**

　　　On or about 21 February 2005, the City of Lanett, Alabama ("Lanett" or "the City") adopted Ordinance No. 02-05-03 ("Ordinance"). In short, the Ordinance regulates two specific breeds of dog – the presa canario and the pit bull ("regulated breeds") – and any other dogs that could present danger to humans or property. The Ordinance amended Section 6-8 of the Code of Ordinances of the City, which dealt in more general terms with animal control issues. Although discovery is not yet completed with respect to this issue, the plaintiffs allege that this Ordinance has affected the citizens of Lanett some of whom have been arrested, fined, and had dogs seized, or a combination of the three. The plaintiffs brought suit pursuant to 42 U.S.C §§ 1982, 1985 & 1986, alleging, *inter alia*, that the Ordinance, on its face and in its application, is unconstitutional on several grounds.

**II.    THIS ACTION FULFILLS THE REQUIREMENTS OF FED. R. CIV. P., RULE 23 AND SHOULD BE CERTIFIED AS A CLASS ACTION.**

In order to be certified as a class action, an action must satisfy all the requirements of Fed. R. Civ. P., Rule 23(a) and at least one of the alternative requirements of Rule 23(b). Jackson v. Motel 6 Multipurpose, Inc., 130 F.3d 999 (11th Cir. 1997). The party seeking to maintain the class action bears the burden of demonstrating that all prerequisites to class certification have been satisfied. Walker v. Jim Dandy Co., 747 F.2d 1360, 1363 (11th Cir. 1984). The district court must evaluate whether the four requirements of Rule 23(a) are met: numerosity, commonality, typicality, and adequacy of representation. Furthermore, the court must determine whether the action may be maintained as one of the classes under Rule 23(b). Groover v. Michelin N. Am., Inc., 187 F.R.D. 662, 666 (M.D. Ala 1999). The question of class certification is procedural and distinct from the merits of the action. Garcia v. Gloor, 618 F.2d 264 (5th Cir. 1980); Groover, 187 F.R.D. at 666. A district court has wide discretion when deciding whether to certify a class. Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566 (11th Cir. 1992); Groover, 187 F.R.D. at 666. The court is not limited to the pleadings in making this determination. Washington, 959 F.2d at 1570; Groover, 187 F.R.D. at 666.

**A.    This Action Fulfills the Requirements of Rule 23(a).**

   1.    <u>The class is so numerous that joinder of all members is impracticable.</u>

The first requirement of Rule 23(a) is that the potential members of the class be so numerous as to make joinder impracticable. Fed. R. Civ. P., Rule 23(a). Of this requirement, the Eleventh Circuit has stated:

> Although mere allegations of numerosity are insufficient to meet this prerequisite, a plaintiff need not show the precise number of members in the class. At least one court has recognized that where the numerosity question is a close one, a balance

should be struck in favor of a finding of numerosity, since the court has the option to decertify pursuant to Rule 23(c)(1).

Evans v. U.S. Pipe & Foundry Co., 696 F.2d 925, 930 (11th Cir. 1983) (citations omitted).

Due to the language of the Ordinance, the potential class consists of the majority, if not all, of the dog owners or potential dog owners within Lanett's jurisdiction as well as travelers with dogs who are found in Lanett. In addition to the language banning the specific breeds, the Ordinance contains the following language which could apply to most, if not all, breeds of dogs:

> Sec. 6-8
>
> (a) Definitions
> *Vicious dog means:*
>
> …
>
> (2)   Any dog which because of its size, physical nature or vicious propensity is capable of inflicting serious physical harm or death to humans and which would constitute a danger to human life or property if it were not kept in the manner required by this chapter…

Ordinance at 6-8(a)(2). While dog attacks on humans are statistically rare, one has but to search the news or internet to find published reports of dogs of all shapes and sizes seriously injuring or killing humans, including dachshunds and golden retrievers. Thus, it is not a stretch to suggest that the Ordinance could unconstitutionally infringe upon the rights of every dog owner in Lanett.

As recorded in the 2000 census, the population of Lanett, Alabama was 7,897 people, 3,186 households, and 2,125 families residing in the city. While the exact number of dog owners in Lanett has not been discerned, the Humane Society of the United States estimates that 39 percent of American households own at least one dog.[1] Thus, if the national statistics are

---

[1] http://www.hsus.org/pets/issues_affecting_our_pets/pet_overpopulation_and_ownership_statistics/us_pet_ownership_statistics.html  Visited on July 5, 2006.

Page 3 of 11

applied to Lanett, it is very likely that there are 1242 households which own at least one dog. Each member of these households is a potential member of this class. The number of pit bulls and presa canarios in Lanett are likewise unknown at this time, but due to the prohibition on breeds that share the physical characteristics of these breeds, the dog owners who could be subjected to the Ordinance based on the dog's appearance alone would likely be a substantial percentage of the 1242 households.

In their discovery, the plaintiffs have also inquired into the exact number of people who have been arrested, fined or had property seized under this Ordinance. The initial informal submission by the City indicates that 10 people have been arrested, fined or had property taken pursuant to the Ordinance. Based only on a preliminary survey made by plaintiffs' counsel prior to filing suit, an additional seven people, on hearing and belief, have been subjected to the provisions of the Ordinance.

A quick look at these numbers shows that the potential class members are sufficiently numerous that joinder of each potential member would be impracticable. As such this factor should be decided in favor of the plaintiffs.

2.  <u>Common questions of law and fact are shared throughout the class.</u>

The second requirement of Rule 23(a) is that there be questions of law or fact common to the class. In order to meet this requirement, the plaintiffs must demonstrate that "the issues in a class action that are subject to generalized proof and thus applicable to the class as a whole . . . predominate over those issues that are subject only to individualized proof." <u>Nichols vs. Mobile Bd. of Realtors, Inc.</u>, 675 F.2d 671, 676 (11th Cir. 1982). This court has noted that the burden of the plaintiff in meeting this commonality requirement is "not high." <u>Morris v. Transouth Fin. Corp.</u>, 175 F.R.D. 694, 697 (M.D. Ala. 1997). Rather, the rule only requires that there be

"questions of law or fact common to the class." Fed. R. Civ. P., Rule 23(a)(2).  As another Alabama district court noted:

> Rule 23(a)(2) requires that the plaintiff show there are questions of law or fact common to the class. Yet not every question of law or fact must be common to every member of the class. The requirement is met if the questions linking the class members are 'substantially related to the resolution of the litigation even though the individuals are not identically situated.' Identical questions are not necessary and factual discrepancies are not fatal to certification. Rule 23(a)(2) may be satisfied if common questions of liability are present despite individual differences in damages.

Morris, 175 F.R.D. at 698 (quoting In re Workers' Compensation Ins. Antitrust Litig., 130 F.R.D. 99, 104 (D. Minn. 1990)).  The commonality requirement may be satisfied, even when factual discrepancies and differences in individual damages exist.  Groover, 187 F.R.D. at 666.

The circumstances in the instant case easily meet this threshold. The smallest possible class, that simply comprised of owners of dogs that are of the regulated breeds or dogs that are a mix of the regulated breeds, would all voice a common question of law:  does the City's Ordinance and its enforcement violate state or federal constitutional rights by attempting to regulate and criminalize the ability to own a dog of the regulated breeds?  The larger potential classes, which could include every dog-owning household in Lanett and travelers to Lanett, would also share these same factual and legal questions.  This question, shared by at least every owner of a dog that could be mistaken for a member of the regulated breed and which could extend to other dog owners, should be answered in this lawsuit.  The Ordinance, by its very nature, will apply to all the members of the class uniformly as would any law regulating behavior and as such it is near indisputable that common questions of law exist.

    3.    <u>The claims of Willie Towles are typical of the claims of the class.</u>

Rule 23(a) also states that claims of the putative class representative must be typical to those of the class. The focus of this requirement is to determine whether the class representative's claims "arise from the same event or pattern or practice and are based on the same legal theory." <u>Kornberg v. Carnival Cruise Lines, Inc.</u>, 741 F.2d 1332, 1337 (11th Cir. 1984). The representative and each member of the represented group must share an interest in prevailing on similar legal claims. <u>Meyer v. Citizens and Southern Nat'l Bank</u>, 106 F.R.D. 356, 361 (M.D. Ga. 1985). If such a common interest exists, then factual differences such as differences in the amount of damages claimed will not cause the representative to fail the typicality requirement. <u>Id.</u> There must be a nexus between the class representative's claims "and the common questions of fact or law which unite the class." <u>Kornberg</u>, 741 F.2d at 1337.

As a citizen of Lanett who owns pit bulls and who had been made to pay monthly fines under the Ordinance, Willie Towles' claims meets all of these requirements – he easily shares an interest with each of the different sets of people that could make up the largest class and has standing to bring the claims. His situation is identical to: (1) the citizens of Lanett who own a regulated breed; (2) who have been fined; and/or (3) who own a dog that shares physical characteristics with the regulated breeds. His viability as a representative does not diminish when the other sets of class members are examined – he retains the requisite common interest in prevailing with any dog owner in the City who's dog might meet the large category created by § 6-8(a)(2) of the Ordinance.

 4. <u>Willie Towles will fairly and adequately protect the interests of the class.</u>

The last requirement of Rule 23 – the adequacy of the class representative – overlaps with the requirements of other portions of Rule 23, specifically 23(g). The Eleventh Circuit has stated that "where the class is represented by competent and zealous counsel, class certification should

not be denied simply because of a perceived lack of subjective interest on the part of the named plaintiffs unless their participation is so minimal that they virtually have abdicated to their attorneys the conduct of the case." Kirkpatrick v. J.C. Bradford & Co., 827 F.2d 718, 728 (11th Cir. 1987).

Willie Towles' involvement in the case has been anything but minimal. He has organized a few citizens of Lanett in attempts to raise money for the expenses of this case. Mr. Towles assists the undersigned counsel in identifying other potential members of the class. For all practical purposes, Mr. Towles is already acting as the representative citizen of Lanett. He does not possess any conflicts which would render him unable to fairly and adequately protect the interests of the class.

B.    **This Action is Maintainable Under Rule 23(b)(2) & (3).**

Once the movant meets the burden of Rule 23(a), they must then fit within at least one of the forms of allowable class actions enumerated in 23(b). Although the plaintiffs' proposed class arguable fits all of the subsections of 23(b), this portion of the motion will focus largely on 23(b)(2) and (3).

1.    Lanett has enforced and/or will continue to enforce the Ordinance as applicable generally to the members of this class such that final injunctive relief and/or declaratory relief is appropriate.

Subsection (b)(2) of Rule 23 is often thought of as uniquely suited for civil rights cases and is intended to be the primary vehicle for injunctive class actions, particularly civil rights suits. The Advisory Committee Notes, in the section describing 23(b)(2), states:

> This subdivision is intended to reach situations where a party has taken action or refused to take action with respect to a class, and final relief of an injunctive nature or of a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a whole is appropriate.

Fed. R. Civ. P., Rule 23 (Advisory Committee Notes for 1966 Amendment).  See also Amchem Products, Inc. v. Windsor, 521 U.S. 591, 614 (1997) (Civil rights case "prime example" of type of class actions maintainable under Rule 23(b)(2)).  For a class action to be proper under Rule 23(b)(2) the predominate relief sought must be declaratory or injunctive in nature, although monetary relief is also allowed when it is incidental to the declaratory or injunctive relief.  Murray v. Auslander, 244 F.3d 807, 812 (11th Cir. 2001).

      The plaintiffs' would-be class action fits neatly into this type of class action.  Although there have been some monetary damages, the plaintiffs are most concerned with the unconstitutional provisions and enforcement of the Ordinance.  A declaratory judgment that the Ordinance is indeed unconstitutional on one or more grounds and/or injunctive relief from the enforcement of the Ordinance would substantially redress the plaintiffs' claims.

      2.    <u>Common questions of law and fact predominate the class over any individual questions and the class action is superior to other methods.</u>

      Rule 23(b)(3) is meant to provide a vehicle to class actions in cases where the situation may or may not fit under (b)(1) or (b)(2), but where a class action is "convenient and desirable."  Amchem, 521 So. 2d at 615.  The rule provides factors which the certifying court should examine in making its determination:

    (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions;

    (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;

    (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum;

    (D) the difficulties likely to be encountered in the management of a class action.

Rule 23(b)(3). This list, though non-exhaustive, forms the crux of the inquiry, which according to the U.S. Supreme Court is aimed at ensuring that the courts consider the interests of the individual members of the class in controlling their own litigations and carrying them on as they see fit. Amchem, 521 So. 2d at 616. An example of the type of case where certification would not be appropriate due to the individual's strong interest in the claims, as provided in Amchem, is a personal injury action. Id. The policy behind the (b)(3), and all forms of, class actions is to:

> Overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor.

Id. at 617 (citing Mace v. Van Ru Credit Corp., 109 F.3d 338, 344 (7th Cir. 1997)).

Because the would-be class' complaints center on the enforcement and constitutionality of the Ordinance, common questions of law and fact predominate over the class and because of the potential size of the class and the need for class based relief, the class action is superior to any other type of action that could be brought. This is the type of situation for which Rule 23(b)(3) was drafted.

**C.     The Attorneys of Record for the Plaintiffs Fulfill the Requirements of Rule 23(g).**

The court must also appoint class counsel, and Rule 23(g) provides the procedure as well as factors to consider. First, the overriding concern is that the class counsel "fairly and adequately represent the interests of the class." In determining this question, the court must consider: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law, and (4) the resources counsel will commit to representing the class. In addition to these mandatory factors,

Rule 23(g) gives the court wide discretion to consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."

The attorneys of record have been involved in this action from its beginning. C. Michael Seibert has handled a similar controversy against the City of Huntsville and is knowledgeable in the area of constitutional law. Joshua B.White has sufficient time resources to dedicate himself to conducting this litigation as a class action. As a team, and individually, the attorneys of record fulfill the requirements of Rule 23(g). If the Court deems it necessary, the Court has the option of appointing additional class counsel to assist in the prosecution of the class' claims. While the undersigned counsel does not believe that action will be necessary, he would willingly accept the Court taking such an action.

It is worth noting that the scope of this potential class action is not huge compare to multi-district class actions with plaintiffs who have suffered a variety of ills and personal injury. Although the class is numerous enough to meet the requirements of Rule 23, the class is relatively confined and narrow in that its members will consist of the dog-owning citizens of Lanett, which are geographically confined to a small area and who are, compared to some class actions, easily located and defined.

WHEREFORE, the plaintiff Willie Towles, humbly requests this Honorable Court to issue an Order certifying this action as a class action.

Respectfully submitted this the 21st day of July, 2006.

/s/_____
Joshua B. White (WHI-123)
Attorney for Plaintiffs
3113 Ivy Avenue SW
Huntsville, AL 35805
(256) 533-0900

/s/_____
C. Michael Seibert
12475 N. Shawdee Rd. SE
Huntsville, AL 35803-3717
(256) 650-0078