UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AMERICAN CANINE FOUNDATION, ) | |
| WILLIE TOWLES, and all those ) | |
| similarly situated, ) | Civil Case No.: |
| ) | 3:06-CV-70.WKW |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| CITY OF LANETT, ALABAMA, a ) | |
| municipal corporation, et al., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION**

COMES NOW the Defendant, City of Lanett, Alabama, by and through its attorney of record, and objects to the Plaintiff's Motion for Class Certification as follows:

The Plaintiff's Motion for Class Certification does not fulfill the requirement of Fed. R. Civ. P., Rule 23(a). The Plaintiff's motion fails to reach the very first requirement and that is that the class be so numerous that joinder of all members is impracticable. The Plaintiff in their own brief states that they have a preliminary survey showing seven people that have been allegedly subjected to the provisions of the ordinance. This, including the information that the undersigned was provided by the City of Lanett, which indicates that ten people had been affected in some way by the ordinance. Thus, clearly seventeen people would not be so numerous that joinder of all members would be impracticable. Further, there is no evidence or even information to

believe that all seventeen people would wish to be class members.  Although, there is no bright line text for numerosity, a class of at least forty members is generally sufficient to satisfy Rule 23(a)(1).  See *Calvin v. Home Loan Center, Inc.*, 2006 WL 1313191, at *2 (N.D.Ill. 2006); *Grunewald v. Kasperbauer*, 235 F.R.D. 599, 604 (E.D.Pa., 2006); *Stewart v. Abraham*, 275 F.3d. 220, 227 (3d. Cir. 2001); *Lee v. ABC Carpet & Home*, 2006 WL 1408837, at *9 (S.D.N.Y., 2006); *Consoldidated Rail Corp. V. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995).

Clearly making that the known amount of seventeen people would not be sufficient to reach the numerosity factor required under the Fed. R. Civ. P. 23(a)(1).   Further, the original Plaintiff in this action is the American Canine Foundation.  The American Canine Foundation is not a resident of the City of Lanett and is not effected by the ordinance in question.  However, it is the American Canine Foundation that is supporting this lawsuit and is conducting this examination to try to find more potential plaintiffs to add to the alleged class.  There is no evidence before the Court that any of the members of the alleged plaintiffs are members of the Plaintiff group American Canine Foundation.

Lastly, Plaintiff's counsel states that Willie Towles is a typical representative of a pit bull owner in the City of Lanett.  However, other than the alleged seventeen names that Plaintiff's counsel has obtained, ten of those given by the City of Lanett, there is no evidence before the Court that the other citizens would have any common interest with Mr. Towles.

Therefore, the Defendant would respectfully request the Court to deny the

Plaintiff's motion to certify this action as a class action and to find that assuming there are seventeen alleged class members that this is not numerous enough to certify a class action.

Respectfully submitted,

   /s/ T. Randall Lyons
T. RANDALL LYONS (LYO006)
Attorney for Above-named Defendant

OF COUNSEL:

Webster, Henry, Lyons & White, P.C.
P.O. Box 239
Montgomery, AL 36101
334-264-9472
334-264-9599

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the following on this the 26th day of July, 2006 via United States Mail, postage prepaid:

C. Michael Seibert
1223 6th Avenue S.E.
Decatur, AL 35601

Joshua B. White
3113 Ivy Avenue SW
Huntsville, AL 35805

   /s/ T. Randall Lyons
OF COUNSEL